UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AIRBORNE COMMUNITIES, LLC, | ) | |
| f.k.a., BRAGG COMMUNITIES, LLC, | ) | |
| CORVIAS MILITARY LIVING, LLC, | ) | |
| CORVIAS MANAGEMENT-ARMY, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| ILLINOIS UNION INSURANCE | ) | Jury Demanded |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Airborne Communities, LLC, f.k.a., Bragg Communities, LLC, Corvias Military Living, LLC, and Corvias Management-Army, LLC[1] by their counsel of record, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, allege as follows for their Complaint against the defendant Illinois Union Insurance Company ("Illinois Union") for breach of contract.

## Introduction

1.    This case pits insureds against their environmental impairment liability insurance carrier with respect to the insurer's duty to indemnify their insureds for first party and third-party environmental claims.

2.    The defendant-insurance carrier acknowledged the claims and purported to adjust the claims, but ultimately failed and refused to fully indemnify Corvias as called for under the insurance policy.  As a consequence, Illinois Union is in breach of contract as to each of the claims and Corvis seeks damages, prejudgment interest, and attorneys' fees.

---

[1] Throughout this Complaint, the plaintiffs are referred to collectively as the "Corvias."

1

3.    Plaintiffs also seek damages for breach of the duty to defend because Illinois Union has failed and refused to reimburse plaintiffs for the reasonable and necessary defense costs incurred with respect to a related third-party liability claim.

### The Parties

4.    Plaintiff Airborne Communities, LLC ("Airborne") is a Delaware limited liability corporation with its principal place of business at 301 Metro Center Blvd., Suite 204 Warwick, RI 02886. Airborne was formerly known as Bragg Communities, LLC. Airborne is an insured under the Illinois Union insurance policy at issue in this case.

5.    Airborne's members include Bragg-Picerne Partners, LLC and the United States Department of the Army, through the Secretary of the Army. Bragg-Picerne Partners, LLC is a wholly owned subsidiary of Corvias Military Living, LLC.

6.    Airborne is the legal entity created by its members to carry out the privatized military family housing program at Ft. Liberty, North Carolina, as part of the Military Housing Privatization Initiative (MHPI) Act of 1996 – 10 USC 2871 – which provides the United States Military Services with alternative authorities for the ownership, management, construction, and improvement of on-base military housing.

7.    Corvias Military Living, LLC is a Delaware limited liability corporation with its principal place of business at 301 Metro Center Blvd., Suite 204 Warwick, RI 02886. CML is an insured under the insurance policy at issue in this lawsuit.

8.    Plaintiff Corvias Management-Army, LLC is a Delaware limited liability corporation with its principal place of business at 301 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. Corvias Management-Army, LLC is an insured under the Illinois Union insurance policy at issue in this lawsuit.

9.    Corvias Management-Army, LLC is a wholly owned subsidiary of Corvias Military Living, LLC.

10.    Corvias Military Living, LLC is a wholly owned subsidiary of CM Intermediate, LLC, which is a wholly owned subsidiary of Corvias Military Solutions, LLC, which is a wholly owned subsidiary of Corvias Holdings, LLC, which is a wholly owned subsidiary of JGP Business Holdings, LLC, which is wholly owned by the John G. Picerne Business Trust 2012, whose trustee is John G. Picerne, who is domiciled in the State of Florida.

11.    Corvias Military Living, LLC, CM Intermediate, LLC, Corvias Military Solutions, LLC, Corvias Holdings, LLC, and JGP Business Holdings, LLC are Delaware limited liability corporations with their principal place of business at 301 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886.

12.    Defendant Illinois Union Insurance Company ("Illinois Union") is a domestic surplus lines insurance company organized under the laws of Illinois, with its principal place of business in Chicago, Illinois.

13.    Illinois Union is a member company of CHUBB Group of Insurance Companies

## **Jurisdiction**

14.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) and (c) because this is action is between citizens of different states and the matter in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

15.    Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2) because Illinois Union is subject to personal jurisdiction in Rhode Island and the parties negotiated, delivered and paid for the contract at issue in this judicial district.

**The Insurance Policy**

16.    From August 1, 2018, through August 1, 2021, Illinois Union provided environmental impairment liability insurance to Corvias. The policy is called a "Premises Pollution Liability Portfolio Insurance Policy" and has policy number PPI G27167809 002 (hereinafter the "Policy").

17.    A true and accurate copy of the Policy is attached as Exhibits A.

18.    Airborne is the First Named Insured on the Policy. Corvias Military Living, LLC is identified as Named Insureds on Endorsement No. 2 of the Policy. Corvias Management-Army, LLC qualifies as an Additional Insured pursuant to Endorsement No. 1 of the Policy.

19.    The Policy provides environmental impairment liability coverage with a sublimit of $25,000,000 per Indoor Environmental Condition and in the aggregate, subject to a Self-Insured Retention of $250,000 per Indoor Environmental Condition. Exhibit A, Endorsement Nos. 4 and 10.

20.    Insuring Agreement A provides "first-party remediation costs coverage" as specified by the terms and conditions of the Policy.

21.    Insuring Agreement B provides "first-party response coverage" as specified by the terms and conditions of the Policy.

22.    Insuring Agreement C provides "third-party claims coverage" as specified in the terms and conditions of the Policy.

23.    As to Insuring Agreements A and B, the Policy further provides coverage for "business interruption loss" as specified by the terms and conditions of the Policy. See Exhibit A, Section II.A and Endorsement No. 7

**The First Party Remediation Claims**

**The 633 Claim**

24.     Corvias learned of the presence of an Indoor Environmental Condition at a specific neighborhood within a "Covered Location" and timely notified Illinois Union of a claim under Insuring Agreement A.

25.     Illinois Union acknowledged Corvias' notice and assigned Claim No. KY19K2492633 to the claim (hereinafter the "633 Claim").

26.     The Illinois Union investigated the 633 Claim and acknowledged a covered Loss associated with the 633 Claim.

27.     Corvias remediated the Indoor Environmental Condition for the 633 Claim and submitted to Illinois Union proofs of loss and loss documentation evidencing remediation costs, claim expense and business interruption loss. However, Illinois Union has failed and refused to fully indemnify Corvias for the Loss associated with the 633 Claim.

28.     Illinois Union has only indemnified Corvias for approximately 23% of the documented Loss net of the SIR for the Coverage A portion of the 633 Claim.

29.     The 633 Claim includes a third-party claim in which a resident-family asserted claims against Corvias for negligence, bodily injury and property damage (the "Third-Party Claim").

30.     Illinois Union acknowledged a defense obligation as to the Third-Party Claim and agreed to reimburse Corvias for the reasonable and necessary defense costs adjusted to Illinois Union's panel counsel rates, as part of the 633 Claim.

31.     The Third-Party Claim has been resolved and dismissed. However, Illinois Union has failed and refused to reimburse Corvias for twenty-one defense counsel invoices in breach of its duty to defend Corvias.

### The 358 Claim

32.     Corvias learned of the presence of another Indoor Environmental Condition at a specific development within a "Covered Location" and timely notified Illinois Union of a claim under Insuring Agreement A.

33.     Illinois Union acknowledged Corvias' notice and assigned Claim No. KY19K2965358 to the claim (hereinafter the "358 Claim").

34.     The Illinois Union investigated the 358 Claim and acknowledged a covered Loss for the 358 Claim.

35.     Corvias remediated the Indoor Environmental Condition for the 358 Claim and submitted to Illinois Union proofs of loss and loss documentation evidencing the remediation costs, claim expense and business interruption loss. However, Illinois Union has failed and refused to fully indemnify Corvias for the Loss associated with the 358 Claim.

36.     Illinois Union has only indemnified Corvias for approximately 40% of the overall documented Loss for the 358 Claim net of the SIR in breach of the Policy.

### COUNT I:
### Breach of Contract As To The 633 Claim

37.     Corvias incorporates by reference the allegations set forth in paragraphs 1 through 36, as though fully set forth herein.

38.     The Policy is a contract.

39.     Corvias has fully performed under the contract and satisfied all conditions precedent to performance by Illinois Union.

40.    Pursuant to the Policy, Illinois Union owed a duty to indemnify Corvias for the full sum of the Loss associated with the 633 Claim.

41.    Illinois Union breached its duty to indemnify Corvias in the following ways:

      a.    Unnecessarily and unduly delaying the investigation, adjustment and payment of Loss under the Policy;

      b.    Undervaluing the Loss; and

      c.    Unjustifiably delaying payment of the Loss and forcing Corvias to bring this lawsuit in order to fully recover under the Policy.

42.    Corvias has been damaged by Illinois Union's breach of contract.

43.    Corvias is entitled to full reimbursement of the Loss associated with the 633 Claim, plus an award of attorney's fees for prosecuting this action and prejudgment interest.

**COUNT II:**
**Breach of Contract As To The 358 Claim**

44.    Corvias incorporates by reference the allegations set forth in paragraphs 1 through 36, as though fully set forth herein.

45.    The Policy is a contract.

46.    Corvias has fully performed under the contract and satisfied all conditions precedent to performance by Illinois Union.

47.    Pursuant to the Policy, Illinois Union owed a duty to indemnify Corvias for the full sum of the Loss associated with the 358 Claim.

48.    Illinois Union breached its duty to indemnify Corvias in the following ways:

      a.    Unnecessarily and unduly delaying the investigation, adjustment and payment of Loss under the Policy;

      b.    Undervaluing the Loss; and

c.  Unjustifiably delaying payment of the Loss and forcing Corvias to bring this lawsuit in order to fully recover under the Policy.

49.  Corvias has been damaged by Illinois Union's breach of contract.

50.  Corvias is entitled to full reimbursement of the Loss associated with the 358 Claim, plus an award of attorney's fees for prosecuting this action and prejudgment interest.

## COUNT III:
## Breach of The Duty To Defend

51.  Corvias incorporates by reference the allegations set forth in paragraphs 1 through 36, as though fully set forth herein.

52.  The Policy issued by Illinois Union to Corvias is a contract.

53.  Corvias fully performed under the contract and satisfied all conditions precedent to performance by Illinois Union.

54.  Pursuant to the insurance policy issued by Illinois Union, Illinois Union owed Corvias a duty to defend the Third-Party Claim.

55.  Illinois Union breached its duty to defend Corvias by failing and refusing to reimburse Corvias for the reasonable and necessary defense costs incurred in the defense of the Third-Party Claim.

56.  Corvias has been damaged by Illinois Union's breach of contract.

57.  Corvias are entitled to full reimbursement of the reasonable and necessary defense costs incurred in the defense of Third-Party Claim, plus an award of prejudgment interest.

## **Jury Demand**

Corvias demands a jury as to all issues so triable.

## **Prayer For Relief**

WHEREFORE, Plaintiffs Airborne Communities, LLC, f.k.a., Bragg Communities, LLC, Corvias Military Living, LLC, and Corvias Management-Army, LLC pray for the Court to enter judgment against defendant Illinois Union Insurance Company, and award the following relief:

1. With respect to Count I – Breach of Contract, find that Defendant Illinois Union Insurance Company breached its duty to indemnify and award plaintiffs damages in excess of $75,000, prejudgment interest and costs associated with prosecuting this lawsuit;

2. With respect to Count II – Breach of Contract, find that Defendant Illinois Union Insurance Company breached its duty to indemnify and award plaintiffs damages in excess of $75,000, prejudgment interest and award costs associated with prosecuting this lawsuit;

3. With respect to Count III – Breach of Contract, find that Defendant Illinois Union Insurance Company breached its duty to defend and award plaintiffs damages in excess of $75,000 and award costs associated with prosecuting this lawsuit; and

4. Award such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Joseph V. Cavanagh, III*
Joseph V. Cavanagh, Jr. (#1139)
Joseph V. Cavanagh, III (#6907)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island  02903
Telephone: (401) 831-8900
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

Charles L. Philbrick (*pro hac vice* forthcoming)
Emily A. Shupe (*pro hac vice* forthcoming)
RATHJE WOODWARD LLC
300 E. Roosevelt Road, Suite 210
Wheaton, Illinois 60187
Telephone: (312) 451-6586
cphilbrick@rathjelaw.com
eshupe@rathjelaw.com

*Attorneys for Plaintiffs, Corvias Management-Army, LLC, Airborne Communities, LLC, f/k/a Bragg Communities, LLC, and Corvias Military Living, LLC.*

Dated: March 5, 2026